

FILED
CLERK, U.S. DISTRICT COURT
AUG 22 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERLAN HORTON,<br><br>Defendant. | Case No. 23-MJ-4300<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On August 22, 2023, Defendant Jerlan Horton made his initial appearance in this district following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the Western District of Kentucky on November 9, 2021. Michael Chernis, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Alexander Gorin. A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

    ☒ allegations in the petition: while on supervised release, Defendant was charged with aggravated assault on a police officer when, on November 3, 2021, he refused to comply with law enforcement instructions to stop his vehicle and instead gave chase, hitting police cars multiple times in an attempt to evade the police. Defendant's whereabouts have been unknown since that date and he has failed to report to his probation officer as required under the terms of his supervised release. In addition to the outstanding warrant for his arrest based on this incident, (issued on November 9, 2021), Defendant was also indicted on a separate drug for which he faces another outstanding warrant.

    ☒ unstable residential history – defendant has been living in AirBNBs since his arrival in Los Angeles for the past month.

    ☒ prior violations of supervised release

    ☒ At the time of his arrest, Defendant refused to leave his residence and took two hours to surrender to law enforcement authorities.

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history includes numerous convictions and citations for narcotics related offenses, receiving stolen property, and felon in possession of a firearm.

☒ allegations in the petition (see above)

☒ associated gang monikers

Defendant sought release on a $30,000 cash bond to be posted by the defendant's mother who would also serve as a surety and third party custodian. However, the Court is not inclined to permit a third party custodian to also serve as a surety and in any event, does not believe that a $30,000 cash bond will be sufficient to assure Defendant's appearance at future court appearances, given the allegations in the petition and the Defendant's criminal history.

## III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Western District of Kentucky.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Chu in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

Dated: August 22, 2023

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3